# Bright *v.* Ruthenian Greek Catholic Congregation, Appellant.

*Corporations—Religious corporations—Contracts — Ultra vires Contracts—Ratification—Evidence—Points for charge.*

1. A religious corporation has the incidental or implied power to do whatever is reasonably necessary to accomplish the purposes for which it was incorporated and may, therefore, acting through its properly constituted officials, erect a church building.

2. The fact that the officials of a religious corporation have exceeded their powers in making a contract for the construction of a church building without the assent of a majority of the congregation as required by the charter will not preclude recovery for the labor and materials furnished where it appears that the contract made by such officials was ratified by the church officials, trustees, building committee and congregation and by the acceptance and use of the church when erected, by the congregation.

3. In an action of assumpsit to recover for work done and materials furnished in and about the construction of a church building, evidence was introduced to show that defendant congregation had entered into a written contract with certain contractors for the construction of the building; that when the building was partly erected, the contractors were discharged; that on the day of the

discharge, the president, secretary, treasurer, four or five of the trustees and several members of the congregation entered into a verbal contract with plaintiff to complete the building and affirmed their action by a written notice signed by them and delivered to plaintiff; that plaintiff completed the edifice and that defendant corporation insured the building for $7,000 to protect plaintiff's interest therein; that at a meeting of the officers, trustees and about thirty members representing the, congregation, defendant's representatives agreed to pay plaintiff $200 a month until the claim was paid, and received the keys of the building, which they accepted and used thereafter. Defendant refused to pay the claim, alleging that the parties acting for the congregation were not authorized to make the contract; that the charter of the church expressly prohibited such contracts without the consent of a majority of the congregation and that the corporation never ratified the action of its alleged agents. *Held,* that the evidence was properly admitted and a verdict and judgment for plaintiff was sustained.

Argued April 14, 1914. Appeal, No. 75, Jan. T., 1914, by defendant, from judgment of C. P., Columbia Co., May T., 1913, No. 244, on verdict for plaintiff in case of Hunter F. Bright v. The Ruthenian Greek Catholic Congregation of the Assumption of the Holy Virgin of Centralia, Pennsylvania. Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a verbal contract to recover for work and labor. Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,749.75 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence, instructions to the jury and the refusal of defendant's point for charge.

*Edward J. Flynn,* with him *A. C. Nowakoski,* for appellant.

*Fred Ikeler,* with him *S. M. Enterline,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1914:

This is an action of assumpsit on a verbal contract to recover for work done and materials furnished in the completion of a church edifice at Centralia, Pennsylvania. The case was submitted to the jury, a verdict was found for the plaintiff and judgment having been entered thereon, the defendant congregation has taken this appeal.

It appears that on November 13, 1911, the defendant congregation entered into a written contract with George W. Payne and William G. Wills to erect a church building. When they had the building partly finished a dispute arose between them and the congregation, and on May 20, 1912, the contractors were discharged. On the same date the president, the secretary, the treasurer, four or five of the trustees and about fifteen members of the congregation met at the office of an attorney and, as alleged by plaintiff, entered into a verbal contract with him to complete the building for the consideration of $7,000 less certain payments which he was to make to the former contractors. Subsequently the building committee affirmed the action taken at the attorney's office by a written notice signed by them and delivered to the plaintiff. He then proceeded with the work and completed the edifice. After the building was completed, about September 22, 1912, the congregation insured the building for $7,000 to protect the plaintiff's interests therein. Shortly after the completion of the building a congregational meeting was held in the church to arrange to get possession. Those present were the officers, the trustees, and about thirty members of the congregation, and the plaintiff, Mr. Wills, Mr. Payne and the attorney for the congregation. They finally agreed to pay the plaintiff $200 a month until the amount of his claim was paid. He then delivered the keys and they accepted the building and have been in possession and have been using it as a church edifice ever since.

Having failed to pay his claim, the plaintiff brought

this action and the defense was that the parties acting
for the congregation were not authorized to make the
contract with the plaintiff, that the charter of the church
expressly prohibited such contract without the assent
of the majority of the congregation, and that the corpo-
ration never ratified the action of the alleged agents who
made the agreement.

The assignments of error go to the question of the
right of the plaintiff to prove the matters already stated.
The plaintiff made an offer to prove the parol contract,
the parties who were present acting for the congregation,
the confirmation of the contract by the building com-
mittee, the completion of the work by the plaintiff, the
insurance of the building to protect him, the congre-
gational meeting agreeing to pay the claim and the ac-
ceptance of the building and its use by the congregation
since. The plaintiff produced testimony which, if be-
lieved, fully sustained his offer. The question, therefore,
became one of fact which could not have been withdrawn
from the jury.

In its printed argument, the defendant congregation
apparently overlooks the effect of the offer and the testi-
mony introduced to support it. The offer was not only
to prove the parol contract by the parties present and
acting for the congregation, but that the contract was
subsequently ratified by the congregation, and the build-
ing as completed by the plaintiff was accepted and has
since been used by the church. If it be conceded, as
contended by the defendant, that the evidence offered
was not sufficient to show that the parties who acted for
the congregation in making the verbal contract were not
authorized to take such action, yet if the contract they
made was subsequently ratified by the congregation, by
the action of the church officials, trustees, building
committee and congregation and by the acceptance and
use of the church, it imposed liability upon the defend-
ant for the amount agreed to be paid the plaintiff for
the materials furnished and services rendered. It will

scarcely be denied that the defendant corporation, organized for public worship, had the right to erect a church edifice for the purpose of carrying out the business for which it was incorporated. A corporation has the incidental or implied power to do whatever is reasonably necessary to accomplish the purposes for which it was incorporated. The defendant, therefore, had full authority to erect the building, and it necessarily had to exercise the power through its officials properly constituted for such purpose. If the parties who acted for the defendant in making the verbal contract with the plaintiff were not duly authorized, and the plaintiff's claim rested entirely upon that contract, he could not recover. This, it appears, is the ground on which defendant's counsel seem to make their defense, overlooking the fact that the action of the alleged agents of the defendant was subsequently ratified not only by the church officials but by the congregation itself by proper official action and by the acceptance and continued use of the church building. The officers and the congregation ratified the verbal contract to the fullest extent. They did so formally, as already suggested, and also by being present during the progress of the work and the furnishing of the materials by the plaintiff. They were on the ground, according to the evidence, and saw the work being done and never made any objection. It is too late for them to avail themselves of the defense of ultra vires their agents after the ratification of their act and the receipt by the congregation of the advantages and benefits of the performance of the contract.

The contention of the defendant that its charter prohibited the contract in question without the assent of a majority of the congregation is entirely without merit, as correctly held by the learned court below. The making of this contract was the exercise of the incidental or implied powers of the corporation for the purpose of erecting an edifice for public worship, and was not disposing of or encumbering the corporation's real estate

which is prohibited by the charter unless done with the assent of a majority of the congregation. This is so manifestly true as to need no argument to support it.

The principal dispute on the trial of the cause, as suggested by the learned judge below, was as to the amount which the parties had agreed to pay the plaintiff, the latter claiming seven thousand dollars less certain admitted credits, and the former the contract price agreed to be paid Payne and Wills. This is apparent not only from the testimony of the defendant's witnesses but from the manner in which the counsel conducted the defense. If, as is now contended, the plaintiff had not shown on the trial a legal contract made with him by the defendant congregation and it was, therefore, not liable for the claim in suit, there should have been a prayer that the court instruct the jury to find for the defendant. This would have raised the legal question as to the validity of the contract and as to the effect of its ratification by the congregation. No such request for instructions, however, was made by the defendant's counsel. On the contrary, their only point for instruction was that under the evidence the plaintiff could not recover a greater amount than the contract price agreed to be paid Payne and Wills. This was in effect an admission of the legality of the contract and the liability of the congregation to the plaintiff for the materials furnished and work done under the contract.

The judgment is affirmed.